**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| LARRY D. POTTS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 06-050-S-LMB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently pending before the Court is Respondent's Motion to Dismiss (Docket No. 5). In the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve this pending motion without a hearing. Therefore, having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Order.

**I.**

**PROCEDURAL HISTORY**

On July 18, 2005, Petitioner Larry D. Potts ("Petitioner") filed a first Petition for Review, which was assigned to Civil Case No. 05-281-S-LMB ("05-281"). On November 15, 2005, Respondent Jo Anne B. Barnhart, Commissioner of Social Security, ("Respondent") moved to dismiss the petition for insufficiency of process. (05-281, Docket No. 10). Specifically, Respondent noted that "[t]he United States Attorney twice received copies of the Summons and Petition for Review from [Petitioner's counsel] by regular, not certified, mail," in violation of

**ORDER -1-**

Federal Rule of Civil Procedure 4. *Respondent's Memorandum in Support*, p. 2 (05-281, Docket No. 10, Att. 1). On January 11, 2006, noting that Petitioner had not shown good cause for the failure to serve its complaint in compliance with the federal rules, the Court dismissed the petition without prejudice. *Order* (05-281, Docket No. 16).

On February 3, 2006, Petitioner refiled his Petition for Review in this action, Case No. 06-050-S-LMB ("06-050"). As in the previous action, Respondent has moved to dismiss, again alleging insufficiency of service of process and also failure to state a claim upon which relief can be granted because of a violation of the statute of limitations. *Motion to Dismiss*, p. 1 (06-050, Docket No. 5); *Respondent's Memorandum in Support*, p. 1 (06-050, Docket No. 5, Att. 1).

## II.

## MOTION TO DISMISS

Federal Rule of Civil Procedure 4(i)(1)(A) requires that service upon the United States shall be made by, *inter alia*, delivering copies of the summons and complaint to the local United States Attorney. If the copies are mailed, they must be sent by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(A). Service must be effected within 120 days after the filing of a complaint. Fed. R. Civ. P. 4(m).

In this action, the Petition for Review was filed February 3, 2006. (06-050, Docket No. 1). Therefore, the time for properly serving the Petition for Review was on or before June 5, 2006. However, the United States Attorney has never been served, "by delivery or any mail service, with the Petition or Summons." *Rodriguez Declaration*, ¶ 3 (06-050, Docket No. 5, Att. 2).[1]

---

[1] The United States Attorney did receive notice that the petition was filed through the Court's Electronic Case Filing system. *Respondent's Memorandum in Support*, p. 1 (06-050, Docket No. 5, Att. 1).

**ORDER -2-**

Dismissal without prejudice is an appropriate remedy for improper service, unless Petitioner shows good cause for failure to properly serve. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th cir. 1984). Petitioner has not given any reason for his failure to comply with the Federal Rules of Civil Procedure; therefore, he has not shown good cause for the failure to properly serve. *See Petitioner's Memorandum in Opposition* (06-050, Docket No. 7). Therefore, based only on the issue of improper service, dismissal without prejudice would be appropriate. However, in addition to the improper service issue, Respondent raises the issue of the statute of limitations. *See Respondent's Memorandum in Support*, p. 3 (06-050, Docket No. 5, Att. 1).

Pursuant to 42 U.S.C. § 405(h), "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Section 405 provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Pursuant to 20 C.F.R. § 422.210(c), the "mailing to [any individual] of notice of [the Commissioner's] decision" is "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council." Such date is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*.

In this case, notice of the Appeals Council's decision to deny Petitioner's request for review was mailed to Petitioner on May 20, 2005. *Ray Declaration*, ¶ 3(b) (06-050, Docket No. 5, Att. 3). Thus, pursuant to 20 C.F.R. § 422.210(c), the date of receipt of the notice is presumed

**ORDER -3-**

to be May 25, 2005, and Petitioner has not made a showing contrary to such a presumption. Accordingly, Petitioner was required to commence his civil action within sixty days of May 25, 2005.

Petitioner filed his first civil action on July 18, 2005, fifty-four days after the presumed receipt of the notice. *Petition for Review* (05-281, Docket No. 2). The action was dismissed on January 11, 2006. *Order* (05-281, Docket No. 16). Petitioner refiled his action on February 3, 2006, twenty-three days after the dismissal.

Respondent argues that Petitioner did not commence this civil action within sixty days of May 25, 2005. *Respondent's Memorandum in Support*, pp. 4–5 (06-050, Docket No. 5, Att. 1). In response, Petitioner argues that "the general rule is that a statute of limitations is tolled during the pendency of an action that concerns the same issues and seeks the same relief." *Petitioner's Memorandum in Opposition*, p. 2 (06-050, Docket No. 7) (citing *Eichman v. Fotomat Corp.*, 880 F.2d 149, 155 (9th Cir. 1989)). Thus, Petitioner contends the statute of limitations was tolled during the pendency of the first civil action, i.e., 05-281.

The Court need not determine whether the statute of limitations was tolled during the pendency of 05-281 because, even if it had, the statute of limitations ran well before Petitioner filed the second civil action, i.e. 06-050. Petitioner waited fifty-four days before filing the first action and another twenty-three days after the first action was dismissed before filing the second. Accordingly, even if the statute of limitations was tolled during the first action, it had long since run before Petitioner filed his second action. Because the statute of limitations has run, Respondent's motion to dismiss is granted with prejudice.

### III.

### ORDER

In accordance with the foregoing reasoning, IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 5) is GRANTED, and this action is DISMISSED in its entirety with prejudice.



DATED: **November 13, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER -5-**